UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ─────────────────── x | | |
| SHIVA STEIN, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-01796-LLS |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| | : | MEMORANDUM OF LAW IN SUPPORT |
| vs. | : : | OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF |
| AARON'S INC., JOHN W. ROBINSON, III, and STEVEN A. MICHAELS, | : : | LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |
| | : | |
| Defendants. | : : | |
| ─────────────────── x | | |

## I.     INTRODUCTION

Presently pending before this Court is a class action lawsuit brought on behalf of investors who purchased or otherwise acquired Aaron's, Inc. ("Aaron's" or the "Company") securities between March 2, 2018 and February 19, 2020, inclusive, seeking to pursue remedies under §§10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act") against the Company and two of its officers.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, proposed lead plaintiff Laborers Pension Trust Fund for Northern Nevada (the "Pension Trust Fund") is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Indeed, the Pension Trust Fund, an experienced institutional investor with the ability to oversee complex litigation, has a substantial financial interest, meets the Rule 23 typicality and adequacy requirements, and has selected Robbins Geller Rudman & Dowd LLP – a firm with extensive experience prosecuting complex securities class actions – to serve as Lead Counsel for the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Because the Pension Trust Fund satisfies each of the PSLRA's requirements for appointment as lead plaintiff, it respectfully submits that its motion should be granted.

## II.     SUMMARY OF THE ACTION

Aaron's provides lease-purchase solutions to underserved and credit-challenged customers, and also engages in the sale, lease ownership, and specialty retailing of various products.  Aaron's operates in three reportable segments - Progressive, AB, and Vive.  The Progressive and AB segments are subject to federal regulatory agency oversight and scrutiny, including the U.S. Federal

Trade Commission ("FTC").  The Company's stock trades on the New York Stock Exchange under the ticker AAN.

As the complaint alleges, defendants made false and/or misleading statements and/or failed to disclose: (i) that Aaron's had inadequate disclosure controls, procedures, and compliance measures; (ii) that, consequently, the operations of Aaron's Progressive and AB segments were in violation of the FTC Act and/or relevant FTC regulations; (iii) that, consequently, Aaron's earnings from those segments were partially derived from unlawful business practices and were thus unsustainable; (iv) the full extent of Aaron's liability regarding the FTC's investigation into its Progressive and AB segments, Aaron's noncompliance with the FTC Act, and the likely negative consequences of all the foregoing on the Company's financial results; and (v) that, as a result, the Company's public statements were materially false and misleading at all relevant times.

On July 26, 2018, Aaron's disclosed that, in July 2018, the Company received civil investigative demands ("CIDs") from the FTC requesting the production of documents and answers to written questions to determine whether disclosures related to financial products offered by Aaron's through its AB and Progressive segments were in violation of the FTC Act.  On this news, Aaron's stock price fell $5.38 per share, or more than 11%.  Despite the drop in Aaron's share prices following this disclosure, Aaron's securities continued to trade at artificially inflated prices throughout the Class Period as a result of defendants' continued misstatements or omissions.

Then, on February 20, 2020, Aaron's issued a press release announcing the Company's financial results for the quarter and year ended December 31, 2019.  Among other results, Aaron's reported that the Company's Progressive segment had reached an agreement in principle with FTC staff regarding the CID from the FTC that Progressive received in July 2018.  Aaron's advised investors that "[u]nder the proposed agreement, which requires final approval by FTC

- 2 -

Commissioners and the U.S. District Court for the Northern District of Georgia, Progressive will make a payment of $175 million and enhance certain compliance-related activities, including monitoring, disclosure and reporting requirements." ECF No. 1 at 8. On this news, Aaron's stock price fell more than 19%.

## III.   ARGUMENT

### A.   The Pension Trust Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Trust Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1.   The Pension Trust Fund's Motion Is Timely

On February 28, 2020, notice was published on *Globe Newswire* advising class members of the pendency of this action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because the Pension Trust Fund's motion has been

- 3 -

timely filed by the statutory deadline, the Pension Trust Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Trust Fund Possesses a Substantial Financial Interest

During the Class Period, the Pension Trust Fund purchased 4,458 Aaron's shares and suffered approximately $171,250 in losses.  *See* Rosenfeld Decl., Exs. B, C.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Pension Trust Fund Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage in the litigation, only a preliminary showing of typicality and adequacy is required."  *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *2 (S.D.N.Y. Oct. 4, 2017).

"The typicality threshold is satisfied where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise."  *Id*.  The Pension Trust Fund satisfies this requirement because, just like all other class members, it: (1) purchased Aaron's stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

The adequacy requirement of Rule 23 "is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Id*. at *3.  Here, the Pension Trust Fund is an adequate representative of the class because its interests are aligned with

the putative class and there is no evidence of any antagonism between the Pension Trust Fund's interests and the class's interests. Based in Reno, Nevada, the Pension Trust Fund is a defined benefit plan with approximately 2,200 participants and roughly $122 million in assets under management. The Pension Trust Fund also has prior experience serving as a lead plaintiff in securities class actions and is familiar with the obligations and fiduciary responsibilities owed to a class. The Pension Trust Fund also has retained competent and experienced counsel to prosecute these claims. Finally, the Pension Trust Fund's substantial loss provides the requisite interest to ensure vigorous advocacy. Thus, the Pension Trust Fund satisfies the adequacy requirements of Rule 23(a)(4).

Accordingly, the Pension Trust Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

### B.    The Pension Trust Fund's Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Trust Fund selected Robbins Geller to serve as Lead Counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1] Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

securities cases. *See, e.g.*, *Gross v. Grupo Televisa, S.A.B.*, No. 1:18-cv-01979-LLS, ECF No. 21 (S.D.N.Y. May 17, 2018) (appointing Robbins Geller as sole lead counsel); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, Transcript at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations.").

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) (pending final approval). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[2]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Pension Trust Fund's selection of Robbins Geller as Lead Counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Pension Trust Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Trust Fund respectfully requests that the Court grant its motion.

DATED:  April 28, 2020                    Respectfully Submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          DAVID A. ROSENFELD


                                                    *s/ David A. Rosenfeld*
                                          DAVID A. ROSENFELD

                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)
                                          srudman@rgrdlaw.com
                                          drosenfeld@rgrdlaw.com

---

securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 28, 2020, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:20-cv-01796-LLS Stein v. Aarons, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)